GOMEZ v CAMPBELL, WYANT & CANNON FOUNDRY

1. WORKMEN'S COMPENSATION—STATUTES—PRIOR EMPLOYERS—CON-
   TRIBUTION—SELF-INSURERS' SECURITY FUND—RETROACTIVE AP-
   PLICATION.

   The last employer of an injured employee is empowered by
   statute to proceed against prior employers for apportionment of
   damages for injuries sustained by the employee which were
   caused by more than one employer; the statutory provision
   which also empowers the last employer to seek apportionment
   of damages against the Self-Insurers' Security Fund, if a prior
   employer that would otherwise be liable is insolvent, is retroac-
   tively applicable to a claim filed prior to the effective date of
   that amendatory provision.

2. WORKMEN'S COMPENSATION—APPEAL BOARD DETERMINATIONS—
   SOURCE OF INJURY—APPEAL AND ERROR—EVIDENCE.

   A Workmen's Compensation Appeal Board determination that an
   employee's work-related injury was contributed to by his last
   employer will not be disturbed on appeal where there is any
   evidence, direct or circumstantial, to support the finding.

Appeal from the Workmen's Compensation Ap-
peal Board. Submitted June 13, 1977, at Grand
Rapids. (Docket No. 30122.) Decided September 7,
1977. Leave to appeal applied for.

Claim by John Gomez against Campbell, Wyant
& Cannon Foundry and Lakey Foundry Corpora-
tion for workmen's compensation. Benefits were
awarded to plaintiff to be paid by Lakey Foundry
and the Self-Insurers' Security Fund. The Self-In-
surers' Fund petitioned for modification of the

REFERENCES FOR POINTS IN HEADNOTES

[1] 81 Am Jur 2d, Workmen's Compensation §§ 70, 71.
   82 Am Jur 2d, Workmen's Compensation §§ 649–652.
[2] 82 Am Jur 2d, Workmen's Compensation § 634.

award to make the Cannon Foundry and its workmen's compensation insurer Aetna Casualty & Surety Company liable for payment without recourse to reimbursement by the Self-Insurers' Fund. Modification granted. Defendant Cannon Foundry appeals by leave granted. Affirmed in part, reversed in part and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Eileen D. Zielesch* and *Patrick E. Kowaleski,* Assistants Attorney General, for defendant Self-Insurer's Security Fund.

*Cholette, Perkins & Buchanan* (by *Sherman H. Cone),* for defendant Campbell, Wyant & Cannon Foundry.

Before: M. J. Kelly, P. J., and M. F. Cavanagh and J. R. Rood,* JJ.

J. R. Rood, J. This workers' compensation appeal raises an issue of first impression as to whether the provisions of 1972 PA 337, MCLA 418.435; MSA 17.237(435), permitting an injured worker's last employer to seek apportionment of damages from the Self-Insured Security Fund (hereinafter SISF), are to be given retroactive effect to a claim filed prior to the January 4, 1973, effective date of 1972 PA 337. We hold that they are to be given retroactive effect.

Plaintiff Gomez was employed for over 26 years by the now insolvent Lakey Foundry and less than 4 weeks by the Campbell, Wyant & Cannon Foundry (hereinafter CWC). As a result of this work, the Workmen's Compensation Appeal Board

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

(hereinafter WCAB) found plaintiff to be disabled by injury to his back caused by heavy lifting and by injury to his lungs caused by dust. Plaintiff petitioned for workers' compensation on April 21, 1972. Subsequently plaintiff went to work for CWC on May 15, 1972, but after a few weeks on the job plaintiff found himself unable to perform the labor and quit on June 9, 1972. Plaintiff then filed an amended petition for workers' compensation on July 25, 1972, adding CWC as a respondent. The referee rendered a decision on August 14, 1973, ordering Lakey and SISF to accept full liability for the lung condition and the back condition. On August 27, 1976, the WCAB modified the order, ordering CWC to pay benefits and ruling that CWC is not entitled to reimbursement from SISF. CWC appeals to this Court on leave granted.

The Self-Insurers' Security Fund was created by amendment of MCLA 418.501; MSA 17.237(501) in 1971. The purpose of the fund is to provide a source of compensation benefits following insolvency of an employer. See MCLA 418.537(1); MSA 17.237(537)(1). Since December 31, 1969, MCLA 418.435; MSA 17.237(435), has permitted the last employer of an injured worker to proceed against prior employers for apportionment of damages for injury caused by more than one employer. By the 1973 amendment to this latter statute and MCLA 418.537(4); MSA 17.237(537)(4), the last employer may seek apportionment of damages against SISF if a prior employer that would otherwise be liable is insolvent.

The SISF argues that the 1973 amendment brought about by 1972 PA 337 should be given prospective effect only. We disagree. The SISF is a creature of the Legislature, and thus the sole issue on appeal is legislative intent and does not con-

cern constitutional questions regarding contracts and due process. Workers' compensation legislation has long been regarded as remedial and hence an exception from the general rule of prospective application of legislation in the absence of expressed prospective provisions. See, *e.g., Turner v General Motors Corp,* 70 Mich App 532, 542; 246 NW2d 631 (1967), *lv granted,* 397 Mich 866 (1976). See also *Lahti v Fosterling,* 357 Mich 578; 99 NW2d 490 (1959). SISF relies on *Briggs v Campbell, Wyant & Cannon Foundry Co,* 2 Mich App 204; 139 NW2d 336 (1966), *affirmed,* 379 Mich 160; 150 NW2d 752 (1967). *Briggs,* however, treated the subject workmen's compensation statute as new legislation. The present case is distinguishable as amendatory legislation expanding an existing remedy. *Lahti, supra.* See also *Rookledge v Garwood,* 340 Mich 444, 453; 65 NW2d 785 (1954).[1] In *Rookledge,* the Court held an amendment to the Work-

[1] In *Briggs* the Court in passing upon the retroactive application of the apportionment statute (1962 PA 189), points out that this act was new legislation. The prior act providing for apportionment of compensation liability was declared unconstitutional in *Trellsite Foundry & Stamping Co v Enterprise Foundry,* 365 Mich 209, 211; 112 NW2d 476 (1961). The Court on page 219 says:

"We conclude that *Trellsite, supra,* destroyed CL 1948, § 417.9 (Stat Ann 1960 Rev § 17.288) *ab initio* and that no right of contribution (apportionment under the 1962 act) accrued in favor of Textron and Liberty Mutual nor Gale Manufacturing Company, Corporate Service."

On page 220 the Court says:

"In both the *Rookledge Case* and the *Lahti Case,* the Court emphasized the public aspect of holding the amendments involved to be retroactive. In *Rookledge,* the Court recognized (p 454) 'remedying a situation which had become detrimental to the public interest,' and in *Lahti,* the Court said that the amendment was (p 587) 'intended to remedy an existing injustice.'

"In the matters at hand, neither the general public nor any employee in particular will be in any way adversely affected by holding the new apportionment statute prospective."

In the instant case to hold the amendment prospective only would impose a hardship on subsequent employers, by denying them an opportunity to recover an apportionment to which the law entitles them.

men's Compensation Act to be retroactive, noting that the Legislature "intended to remedy an existing injustice". Likewise we find the amendments in 1972 PA 337 to be remedial, intended to remedy an injustice, and thus to be applied retroactively.[2]

CWC raises as a second issue its liability for plaintiff's back injury, claiming that the evidence did not support the WCAB finding that plaintiff's employment at CWC contributed to the back injury. Our review is to determine whether there is any evidence, direct or circumstantial, to support the award. *Thornton v Luria-Dumes Co-Venture,* 347 Mich 160, 162; 79 NW2d 457 (1956). The medical testimony was that plaintiff's back was slowly injured by the many years of heavy lifting while employed. While defense counsel chose to characterize plaintiff's work at CWC as equivalent to "throwing a bucket of water in Lake Michigan", the evidence was sufficient for the WCAB to find plaintiff's injury was contributed to by the work at CWC, based on the similarity of tasks and the slow but certain nature of the development of the injury.

The remaining issues were not raised in the application for leave to appeal nor in the proceedings below and are not properly before this Court. *Ludwick v Hendricks,* 335 Mich 633, 639; 56 NW2d 409 (1953).

Affirmed in part, reversed in part, and remanded for further proceedings not inconsistent with this opinion.

---

[2] We believe that any doubt in this regard is resolved by the Legislature's approach in 1977 PA 9, MCLA 418.537; MSA 17.237(537), making all such payments retroactive to November 16, 1971.