BORDAS v DETROIT GENERAL HOSPITAL

Docket No. 77-1945. Submitted February 6, 1980, at Detroit.—Decided September 15, 1980. Leave to appeal applied for.

Michael Bordas filed a petition for a hearing with the Workmen's Compensation Bureau claiming that he sustained injuries while an employee of defendant City of Detroit General Hospital. Following a consultation with the hearing referee, an amended petition was filed adding defendant Second Injury Fund as a party and, further, alleging total and permanent disability due to incurable insanity. Disability benefits were subsequently awarded plaintiff for two years preceding the filing of the first petition. Defendant Second Injury Fund appeals by leave granted, alleging that the filing of the second petition should have been used as the measuring point for the payment of the two-year back payment. *Held:*

The two-year-back rule was tolled by the filing of plaintiff's petition, and the amended petition was not a new application but part of a continuing claim. Defendant Second Injury Fund's rights were protected by prompt, ongoing, and uninterrupted notice. The benefits due plaintiff were correctly determined by the referee.

Affirmed.

1. WORKERS' COMPENSATION — TWO-YEAR BACK RULE — STATUTES.

The rule which provides that payments due injured employees under the Worker's Disability Compensation Act shall not be made for any period of time earlier than two years immediately preceding the date on which the employee filed an application for a hearing with the Workmen's Compensation Bureau is similar to the statute of limitations, and is tolled upon filing (MCL 418.381[2]; MSA 17.237[381][2]).

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 82 Am Jur 2d, Workmen's Compensation § 482 *et seq.*
[2] 82 Am Jur 2d, Workmen's Compensation § 505.
[3] 82 Am Jur 2d, Workmen's Compensation § 426.

2. WORKERS' COMPENSATION — APPLICATION FOR BENEFITS — JURISDIC-
TION OF HEARING REFEREE — DUE PROCESS — STATUTES.

The statute and rules governing an application for benefits under the Worker's Disability Compensation Act do not require that an employee list the Second Injury Fund as a party, but only that he state the name of his employer along with the general nature of the potential claim; the jurisdiction of the hearing referee then vests simultaneously over the case against his employer and against the Second Injury Fund, the Fund's liability being derivative from that of the employer and parallel, and thus notice to the Fund is not necessary for due process (MCL 418.847; MSA 17.237[847]).

3. WORKERS' COMPENSATION — SECOND INJURY FUND — REIMBURSE-
MENT OF EMPLOYERS — STATUTES.

The Second Injury Fund should reimburse an employer where total and permanent disability differential benefits have been paid (MCL 418.521[2]; MSA 17.237[521][2]).

4. WORKERS' COMPENSATION — APPLICATION FOR BENEFITS — TWO-
YEAR-BACK RULE — EFFECTIVE DATE.

An employee's initial application to the Workmen's Compensation Bureau for a hearing regarding benefits under the Worker's Disability Compensation Act should determine the date from which the two-year limitation on back payments should be calculated.

*Lipton, Papista & Garfinkle, P.C.* (by *David M. Roberts*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Morrison Zack,* Assistant Attorney General, for defendant Second Injury Fund.

Before: N. J. KAUFMAN, P.J., and D. E. HOL-BROOK, JR. and R. M. MAHER, JJ.

D. E. HOLBROOK, JR., J. On June 29, 1972, plaintiff filed a petition for hearing with the Workmen's Compensation Bureau, claiming that he sustained personal injuries resulting from employment with the City of Detroit General Hospital. On June 13,

1973, after consultation between the hearing referee and the parties, an amended petition was filed adding the Second Injury Fund as a party and further alleging total and permanent disability due to incurable insanity. Disability benefits were awarded to the plaintiff for two years preceding the filing of the first petition.

At issue is the correct interpretation of MCL 418.381(2); MSA 17.237(381)(2), which provides:

"Whenever weekly payments are due an injured employee under this act, such payments shall not be made for any period of time earlier than 2 years immediately preceding the date on which the employee filed application for hearing with the bureau."

The Second Injury Fund appeals by leave contending that the second petition filed by plaintiff should have been used as the measuring point for the two-year-back provision. We disagree. The two-year-back rule is similar to the statute of limitations. Just as the statute of limitations is tolled when suit is filed, so is the two-year-back rule.

Defendant cites *Lynch v Briggs Manufacturing Co,* 329 Mich 168; 45 NW2d 20 (1950), in which the plaintiff filed three separate petitions for adjustment of a compensation claim. The first two petitions were either withdrawn by the plaintiff or dismissed for lack of prosecution. In construing the one-year-back provision of MCL 418.833(1); MSA 17.237(833)(1), the Court held that plaintiff was entitled to benefits for one year prior to the third petition only. *Lynch* is distinguishable from the case at bar for two reasons. First, it interprets a different section of the act. The one-year-back rule acknowledges that the plaintiff is already receiving benefits because of an earlier petition. Second, the earlier petitions in *Lynch* were dismissed, and the

final petition was not filed until several months later. In the instant case, the amended petition is not a new application. Plaintiff's petition was a continuing claim; it was neither withdrawn nor dismissed. Here, defendant's rights were protected by prompt, ongoing, and uninterrupted notice.

Under MCL 418.847; MSA 17.237(847), the injured employee is required to file an application stating "* * * the general nature of any claim as to which any dispute or controversy may have arisen * * *". Plaintiff is required only to state the employer, along with the general nature of a potential claim. The jurisdiction of the hearing referee then vests simultaneously over the case against the employer and against the Second Injury Fund. The fund's liability is derivative from that of the employer. *White v Wienberger Builders, Inc,* 397 Mich 23, 30; 242 NW2d 427 (1976). If liability is derivative, then it may also be said to be parallel, thus precluding a due process and notice argument by defendant. The statute and rules governing the application for benefits do not require that the employee list the Second Injury Fund as a defendant. Moreover, the statute provides for reimbursement to the employer by the Second Injury Fund where total and permanent disability differential benefits have been paid.

In the instant case, we are not dealing with two separate petitions in which one was withdrawn or dismissed. In such a situation, there is a danger that the parties may not be aware of the proceedings against them for an indefinite period of time. Here we have an ongoinng case. While it is true that the fund must pay additional benefits, these benefits were determined to be due to the employee. It is more consistent with the spirit of the act, being socially remedial, to consider the initial

application as the measuring date for the two-year-back rule. *Gomez v Campbell, Wyant & Cannon Foundry,* 78 Mich App 145; 259 NW2d 400 (1977).

Affirmed.