CRAWFORD v CHRYSLER CORPORATION

Docket No. 88456. Submitted October 17, 1986, at Detroit. Decided November 16, 1987.

Janette Crawford, an employee of Chrysler Corporation, injured herself at work on May 29, 1974. As a result of the injury, she was required to take several periods of sick leave, the last of which ended on March 16, 1977. On May 7, 1977, Crawford was injured in an automobile accident, which rendered her unable to work from that date until June 29, 1978. On June 29, 1978, she discovered that Chrysler Corporation had terminated her job effective May 7, 1977. On November 13, 1978, Crawford filed a petition with the Bureau of Workers' Disability Compensation seeking continued compensation from her 1974 injury. The petition was dismissed for lack of prosecution on February 5, 1980. On March 6, 1980, Crawford filed a new petition almost identical to the first. Chrysler denied Crawford's claims and requested that the one-year-back rule be applied if benefits were awarded. Following a hearing, the hearing officer awarded benefits beginning with Crawford's last day of work and continuing until further order of the bureau. On appeal, the Workers' Compensation Appeal Board applied the one-year-back rule, but measured the one-year period from the date the initial, dismissed petition was filed. Chrysler appealed by leave granted, arguing that the one-year period should have been measured from the date the second, successful petition was filed.

The Court of Appeals *held:*

Where a workers' compensation claimant refiles a petition for hearing after an initial petition has been dismissed for lack of prosecution, the proper date to be used for determining compensation is the date of the later petition.

Remanded for application of the second petition date in determining benefits.

WORKERS' COMPENSATION — REFILING OF PETITION — ONE-YEAR-BACK RULE.

The proper date to be used for determining compensation where a

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 382-384, 570, 571.

See the annotations in the Index to Annotations under Workers' Compensation.

workers' compensation claimant refiles a petition for hearing after an initial petition has been dismissed for lack of prosecution is the date of the later petition (MCL 418.833[1]; MSA 17.237[833][1]).

*Charles M. Sirhal, P.C.* (by *Charles M. Sirhal*), for plaintiff.

*Lacey & Jones* (by *Stephen Jay Schwartz*), for defendant.

Before: WAHLS, P.J., and R. B. BURNS and M. WARSHAWSKY,* JJ.

PER CURIAM. Defendant, Chrysler Corporation, appeals by leave granted from a decision of the Workers' Compensation Appeal Board. We remand this case for proper application of MCL 418.833(1); MSA 17.237(833)(1), the one-year-back rule.

Plaintiff, Janette M. Crawford, was employed in sewing for defendant. While operating her machine at work one day, plaintiff injured her back and experienced abdominal bleeding. As a result of this injury, plaintiff was required to take a number of periods off work. Her history of sick leave is as follows:

Injury: 5/29/74

| Sick leave periods | approximate weeks: |
|---|---|
| 5/30/74 - 9/29/74 | 17 |
| 3/28/75 - 4/15/75 | 2 |
| 9/26/75 - 2/24/76 | 20 |
| 9/25/76 -10/14/76 | 2 |
| 2/16/77 - 3/16/77 | 4 |

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant is self-insured for workers' compensation claims and voluntarily paid plaintiff compensation during the above sick periods.

Due to a nonwork-related auto accident on May 7, 1977, plaintiff was unable to work for defendant from the accident date until June 29, 1978. On that date she discovered that defendant had terminated her job effective May 7, 1977.

On November 13, 1978, plaintiff brought an action before the Bureau of Workers' Disability Compensation for continued compensation. This petition was dismissed for lack of prosecution in an order entered February 5, 1980.

Plaintiff filed a new petition, almost identical to the first, on March 6, 1980. Defendant filed an answer denying plaintiff's claims and requesting that MCL 418.833(1); MSA 17.237(833)(1), commonly known as the one-year-back rule, be applied if benefits were awarded. Following a hearing, plaintiff was awarded benefits beginning with the day after her last day of work and continuing until further order of the bureau. The WCAB on appeal modified the award but refused to apply the one-year-back rule.

We granted defendant's request for leave to appeal to determine the applicability of the one-year-back rule set out at MCL 418.833(1); MSA 17.237 (833)(1). In an order dated June 19, 1985, we remanded this matter to the WCAB for reconsideration.

On remand, the WCAB applied the one-year-back rule; however, it measured the one-year period from the date of plaintiff's initial petition rather than the subsequent one. We again granted leave to defendant to determine which petition should be used in applying the one-year-back rule.

On appeal, defendant raises one issue. It contends that the appropriate method of applying the

one-year-back rule where a workers' compensation claimant has refiled her petition for hearing after her initial petition was dismissed for lack of prosecution is the date of the latter application. We agree.

MCL 418.833(1); MSA 17.237(833)(1) provides:

> If payment of compensation is made, other than medical expenses, and an application for further compensation is later filed with the bureau, no compensation shall be ordered for any period which is more than 1 year prior to the date of filing such application.

We hold that, where a workers' compensation claimant refiles a petition for hearing after an initial petition has been dismissed for lack of prosecution, the proper date to be used for determining compensation is the date of the later petition.

We are guided by the following rules of statutory construction: Words in a statute should be given their ordinary meanings, and if a statute is clear, it must be assumed that the Legislature intended the plainly expressed meaning. *Bailey v DAIIE,* 143 Mich App 223, 225; 371 NW2d 917 (1985), lv den 424 Mich 867 (1986), and cases cited therein.

The purpose of the one-year-back rule is "to guarantee a defendant prompt notice of claim for subsequent compensation, and to prohibit imposing on a defendant the burden of defending a stale claim." *White v Michigan Consolidated Gas Co,* 352 Mich 201, 212; 89 NW2d 439 (1958).

The WCAB ruled as follows:

> *Bordas v Detroit General Hospital,* 100 Mich App 31 [298 NW2d 655] (1980), at first blush,

appears to support defendant's current argument that we must measure imposition of the one-year-back rule from the date of the subsequent petition's filing. Citing the dismissed claims in *Lynch v Briggs Manufacturing Co,* 329 Mich 168 [45 NW2d 20] (1950), the court in *Bordas, supra,* 33-34, distinguished that former application of the back rule [sic] only from the filing of the subsequent petition, reasoning that as the latter case's *initial petition was neither withdrawn or* [sic] *dismissed,* it was thereby the source of measurement back from its filing date rather than the amended claim for total and permanent compensation. The court noted that such a continuing claim insured that "defendant's rights were protected by prompt, ongoing and uninterrupted notice," unlike a withdrawn or dismissed petition that could pose a "danger that the parties may not be aware of the proceedings against them for an indefinite period of time."

In *Bordas, supra,* the initial petition, filed June 29, 1972, was amended by the June 13, 1973 filing of the total and permanent petition adding the Second Injury Fund. The instant case presents a comparable argument for continuing, uninterrupted notice to defendant, as plaintiff's essentially identical second petition was filed by her within one month of the administrative law judge's dismissal of her original claim. We thus conclude that there was no danger herein that defendant could have been unaware of the proceedings against it for any indefinite period of time, the reason set forth for invoking the rule only from the filing of a second petition.

We thus find a proper basis here for invoking the one-year-back rule from the filing of plaintiff's petition on November 13, 1978, allowing commencement of benefits November 13, 1977, in accordance with MCL 418.833(1). Our order of February 22, 1985 is so modified, and is otherwise affirmed. [Emphasis added.]

*Bordas* is not applicable here. It deals with a different provision and different language.

The statute we are dealing with here is clear: compensation is limited to one year prior to the petition upon which such benefits are awarded. Here, the award was based on the second petition, not the dismissed first petition. Therefore, the proper date to use in determining the retroactivity of the benefits is the date of this second, successful petition. Any other outcome would be inconsistent with the provision.

Remanded for application of the second petition date in determining benefits.