FUCHS v GENERAL MOTORS CORPORATION

Docket No. 52114. Submitted June 17, 1981, at Lansing.—Decided
    August 23, 1982. Leave to appeal applied for.

    Plaintiff, Stanislaus Fuchs, suffered a work-related injury on
    November 5, 1968, while employed by defendant, General Mo-
    tors Corporation, Chevrolet Metal Fabricating Plant. After the
    injury, defendant voluntarily paid plaintiff compensation equal
    to two-thirds of the difference between his average weekly wage
    before and after the injury. Claiming plaintiff was no longer
    disabled, defendant stopped paying compensation on November
    23, 1975. On May 14, 1976, plaintiff filed a petition for a
    hearing before the Bureau of Workers' Compensation. Follow-
    ing hearings, the hearing referee found that the claimant had a
    continuing partial disability and that GMC deliberately miscal-
    culated plaintiff's pre-injury weekly wage. Therefore, the hear-
    ing referee ordered the defendant to compute and pay to the
    plaintiff with interest of five percent per year differential
    benefits up to the full weekly rate of compensation for each
    year since the date of injury based upon a weekly wage of
    $13.98 higher than the rate originally computed by GMC. The
    hearing referee also ordered that the defendant should not be
    allowed to hide behind the one-year-back rule because of its
    intentional misrepresentation of the weekly wage. The hearing
    referee also denied GMC's claim that it should not pay more
    than two-thirds of the difference between plaintiff's average
    weekly wage before and after the injury. Defendant appealed to
    the Workers' Compensation Appeal Board which modified the
    order of the hearing referee and found that the two-year-back
    rule applied and barred recovery of any underpayments which
    antedated the filing of plaintiff's claim by two years. The
    WCAB also found that plaintiff was not entitled to the full

REFERENCES FOR POINTS IN HEADNOTES
[1] 82 Am Jur 2d, Workmen's Compensation § 630.
[2] 82 Am Jur 2d, Workmen's Compensation § 482 *et seq.*
[3] 82 Am Jur 2d, Workmen's Compensation §§ 358, 367-370.
[4] 81 Am Jur 2d, Workmen's Compensation § 28.
[5] 82 Am Jur 2d, Workmen's Compensation § 445.
[6] 82 Am Jur 2d, Workmen's Compensation § 340.

weekly differential, but only two-thirds of the difference between his average weekly wage before and after the injury. Plaintiff appeals by leave granted both of these findings. *Held:*

1. The board has adopted a reasonable construction of the statute in holding that it is barred from considering the period of time prior to two years preceding the filing of a petition, whether benefits were paid at an improper rate or even if they were paid at all. However, the two-year-back rule is not insulated from the overriding legal principles of waiver and estoppel applied to the whole body of statutory law.

2. All of the elements necessary for estoppel are present in this case. Therefore, the finding of the board, implicit in its order, that the defendant was not estopped by its conduct to assert the defense of the two-year-back rule was error as a matter of law. In addition, this result is sound from a policy standpoint as well since the Worker's Disability Compensation Act is remedial in nature and should be construed in a liberal and humanitarian manner in favor of the employee and since the legislative purpose of the two-year-back rule is to provide notice to the employer and to prevent stale claims, which policy would not be served by limiting the recovery of a claimant who relies on a defendant's misrepresentation involving the injury.

3. Limited to the facts in this case, the defendant is estopped from invoking the two-year-back rule.

4. Defendant's procedure for computing the average weekly wage by omitting those weeks in which the hours worked were in excess of 70 is contrary to the unambiguous language of the statute which provides that average weekly wage means the weekly wage earned at the time of injury, inclusive of overtime, premium pay, and cost of living adjustments.

5. The board's finding that plaintiff has a continuing partial disability is supported by evidence in the record and must be affirmed by the Court of Appeals. After making this finding the board correctly applied the statute regarding compensation for partial incapacity and found that plaintiff was entitled to only two-thirds of the difference between the average weekly wage before and after the injury. This finding is affirmed.

Reversed in part, affirmed in part, and remanded with instructions.

1. WORKERS' COMPENSATION — APPEAL.

The Court of Appeals is charged in reviewing decisions of the Workers' Compensation Appeal Board with the responsibilities of reviewing questions of law, determining whether there is any fraud, and deciding whether there is any competent evidence in

the record to support the findings of fact made by the board (MCL 418.861; MSA 17.237[861]).

2. Workers' Compensation — Judicial Construction — Two-Year-Back Rule — Estoppel.

The Workers' Compensation Appeal Board's construction of the two-year-back rule is a reasonable construction of the rule where the board reasons that the rule must be read in conjunction with the statute providing that the payment or acceptance of compensation is not binding so that the board is barred from considering the period of time prior to two years preceding the filing of a petition whether the benefits were paid at an improper rate or even if they were paid at all; however, the two-year-back rule is not insulated from the overriding legal principles of waiver and estoppel and in the proper circumstances a party may be estopped from invoking the two-year-back rule to bar the recovery of underpayments antedating the filing of a claim by two years (MCL 418.381[2], 418.831; MSA 17.237[381][2], 17.237[831]).

3. Workers' Compensation — Employee's Weekly Wage Loss.

The Worker's Disability Compensation Act provides that in determining an employee's weekly wage loss average weekly wage means the weekly wage earned by the employee at the time of his injury, inclusive of overtime, premium pay, and cost of living adjustments (MCL 418.371[2]; MSA 17.237[371][2]).

4. Workers' Compensation — Worker's Disability Compensation Act — Judicial Construction.

The Worker's Disability Compensation Act is remedial in nature and should be construed in a liberal and humanitarian manner in favor of the employee.

5. Workers' Compensation — Worker's Disability Compensation Act — Two-Year-Back Rule.

The legislative purpose for the two-year-back rule provided in the Worker's Disability Compensation Act is to provide notice to the employer and to prevent stale claims.

6. Workers' Compensation — Worker's Disability Compensation Act — Partial Disability.

The Worker's Disability Compensation Act provided at the time of an employee's injury in 1968 that while the incapacity for work resulting from the injury was partial the employer should pay, or cause to be paid to the injured employee a weekly compensation equal to two-thirds of the difference between his average weekly wages before the injury and the average weekly

wages which he is able to earn thereafter (MCL 418.361[1]; MSA 17.237[361][1]).

*Leitson, Dean, Dean, Segar & Hart, P.C.,* for plaintiff.

*Munroe & Nobach, P.C.* (by *George H. Wyatt, III),* for defendant.

Before: T. M. BURNS, P.J., and D. E. HOLBROOK, JR., and K. B. GLASER,* JJ.

D. E. HOLBROOK, JR., J. Plaintiff appeals by leave granted from a Workers' Compensation Appeal Board (WCAB) decision modifying a retroactive award of differential benefits to a period which antedates the filing of his application by two years under the two-year-back rule in MCL 418.381(2); MSA 17.237(381)(2).

On November 5, 1968, plaintiff, a skilled trades-man, suffered a crushing injury to his right leg arising out of his employment as a diemaker. After his injury, he was able to work as a die-maker but he was unable to work the extensive overtime he had previously worked. His employer, defendant General Motors Corporation (GMC), vol-untarily paid Fuchs compensation equal to two-thirds of the difference between his average weekly wages before the injury and his average weekly wages after the injury in accordance with MCL 418.361; MSA 17.237(361).

On November 11, 1974, plaintiff was given the job classification of inspector: tool, die, and fixture, which is compensated at the same hourly pay scale as a diemaker and is also a skilled trade. This change in classification was not related to any physical disability. Claiming Fuchs was no longer

---

* Circuit judge, sitting on the Court of Appeals by assignment.

disabled, defendant stopped paying compensation on November 23, 1975.

On May 14, 1976, Fuchs filed his petition for a hearing before the Bureau of Workers' Compensation. Following hearings, the hearing referee found that the claimant had a continuing partial disability. In addition, he found that GMC deliberately miscalculated plaintiff's pre-injury average weekly wage as $347.13. Therefore, the hearing referee ordered:

"* * * the defendant shall compute and pay to the plaintiff with interest of five percent per year differential benefits up to the full weekly rate of compensation of each year since the date of injury based upon a wage of 361.11. The defendant should not be allowed to hide behind the one-year-back rule because of its intentional misrepresentation of the weekly wage. After careful consideration this appears to be within the intent of this social legislation even though not precisely spelled out as such in the act."

The hearing referee also denied GMC's claim that it should not pay more than two-thirds of the difference between Fuchs' average weekly wage before the injury and his post-injury average weekly wage.

Defendant appealed to the WCAB, which modified the order of the hearing referee. While the WCAB agreed that defendant had intentionally miscalculated claimant's average weekly wage, it found that the two-year-back rule applied and barred recovery of any underpayments which antedated the filing of Fuchs' claim by two years. Further, pursuant to MCL 418.361; MSA 17.237(361), the WCAB found that plaintiff was not entitled to the full weekly differential, but only two-thirds of the difference between his average weekly wage prior to the injury and that which he

has been able to earn subsequently. Plaintiff appeals both of these findings.

We first note that our review of the WCAB decision is very limited. We are charged with the responsibilities of reviewing questions of law, determining whether there is any fraud, and deciding whether there is any competent evidence in the record to support the findings of fact made by the appeal board. MCL 418.861; MSA 17.237(861), *Aquilina v General Motors Corp,* 403 Mich 206; 267 NW2d 923 (1978).

Plaintiff first argues that the two-year-back rule does not preclude the retroactive award of differential benefits when the employer intentionally miscalculates the employee's average weekly wage. The two-year-back rule provided:

"Whenever weekly payments are due an injured employee under this act, such payments shall not be made for any period of time earlier than 2 years immediately preceding the date on which the employee filed application for hearing with the bureau." MCL 418.381(2); MSA 17.237(381)(2).

Although the WCAB has long held that rate corrections are not subject to the one-year-back rule in MCL 418.833(1); MSA 17.237(833)(1), the board has found that it is without authority to order any benefits for periods more than two years prior to the filing of a petition. The WCAB reasons that the two-year-back rule must be read in conjunction with MCL 418.831; MSA 17.237(831), so it is barred from considering the period of time prior to two years preceding the filing of a petition, whether benefits were paid at an improper rate, or even if they were paid at all. *Tobias v John F Ivory, Sr,* 1975 WCABO 2604.

We are satisfied that the WCAB has adopted a

reasonable construction of the statute, however, the two-year-back rule is not insulated from the overriding legal principles of waiver and estoppel, which are applied to a whole body of statutory law. Although the equitable principle of estoppel has not been applied to the two-year-back rule, estoppel has been used in related workers' compensation cases. See *Miller v Dunn Paper Co,* 47 Mich App 471; 209 NW2d 519 (1973), *Chisholm v Chisholm Construction Co,* 298 Mich 25; 298 NW 390 (1941).

In this case, the WCAB found, supported by defendant's own admissions, that GMC intentionally miscalculated Fuchs' average weekly wage, which resulted in periodic reductions of his differential benefits. The record discloses that at the time of plaintiff's injury, defendant's procedure for computing the average weekly wage was to omit those weeks in which the hours worked were in excess of 70. This is contrary to the unambiguous lanugage of MCL 418.371(2); MSA 17.237(371)(2), which stated in part:

> "Average weekly wage means the weekly wage earned by the employee at the time of his injury, inclusive of overtime, premium pay, and cost of living adjustment * * *."

We find that all of the elements necessary for estoppel are present in this case. The representation was of a fact within the defendant's knowledge, and it can hardly be supposed that GMC did not intend that it should be relied upon. The misrepresentation relied upon by Fuchs was made with the purpose of inducing the claimant to follow a certain course of conduct, namely, to accept the amount offered without the approbation of the Bureau of Workers' Compensation. We conclude,

therefore, that the finding of the WCAB, implicit in its order, that the defendant was not estopped by its conduct to assert the defense of the two-year-back rule was error as a matter of law.

In addition to equitable principles, this result is sound from a policy standpoint as well. First, it has long been held that the Worker's Disability Compensation Act is remedial in nature and should be construed in a liberal and humanitarian manner in favor of the employee. *Bower v Whitehall Leather Co,* 412 Mich 172, 191; 312 NW2d 640 (1981). Second, if the legislative purpose for the two-year-back rule is to provide notice to the employer and to prevent stale claims, see *White v Michigan Consoldidated Gas Co,* 352 Mich 201, 212; 89 NW2d 439 (1958) (one-year-back rule), this policy is not served by limiting the recovery of a claimant who relies on a defendant's misrepresentation involving the injury.

Although not binding authority, we find support in the cases found at 3 Larson, Workmen's Compensation Law, § 78.45, p 15-149. The general annotation provides, in part:

"A familiar defense to assertion of the bar of late claim is the plea that the lateness was the result of the employer's assurances, misrepresentations or even deliberate deceptions. In the states having statutes permitting the excusing of late claims for good cause or mistake, the issue is simply whether the facts satisfy the statute; in other states the issue usually takes the form of the question whether the employer should be held estopped to invoke the bar."

The Michigan Worker's Disabilty Compensation Act does not contain a good cause provision. How-

ever, limited to the facts in this case, we find that GMC is estopped from invoking the two-year-back rule.

Plaintiff next contends that the WCAB erred in finding that he was entitled to only two-thirds of the difference between the average weekly wage before the injury and the average weekly wage earned after the injury. He points out that it is the practice of the WCAB to order payment of the full differential between a skilled worker's pre-injury and post-injury weekly wage when the employee is able to perform common labor but is unable to perform his skill.

Plaintiff's argument ignores the plain reading of MCL 418.361(1); MSA 17.237(361)(1), which read in part:

"While the incapacity for work resulting from the injury is partial, the employer shall pay, or cause to be paid to the injured employee a weekly compensation equal to 2/3 of the difference between his average weekly wages before the injury and the average weekly wages which he is able to earn thereafter * * *."

In this case, the WCAB found that Fuchs has a continuing partial disability. This result is supported by evidence in the record and must be affirmed by this Court. After making this finding, the WCAB correctly applied MCL 418.361(1); MSA 17.237(361)(1). The board's decision in relation to this issue is affirmed.

We reverse in part and affirm in part. The case is remanded to the appeal board with instructions to enter an order which will conform with our opinion.