HOWARD v GENERAL MOTORS CORPORATION

Docket No. 73876. Argued March 4, 1986 (Calendar No. 4). Decided December 29, 1986.

In 1977, Harry Howard sought workers' compensation benefits, alleging disability because of aggravation of a back condition which he contended arose out of and in the course of his employment with General Motors Corporation. A hearing referee awarded benefits in 1979, as of the plaintiff's last day of employment in 1973. The Workers' Compensation Appeal Board affirmed, concluding that a work-aggravated disability was supported by the evidence and that the defendant's failure prior to appeal to assert that the plaintiff's claim was not brought within two years of his injury waived the defense. The Court of Appeals, HOOD, P.J., and R. B. BURNS and SHUSTER, JJ., affirmed in an opinion per curiam, holding that absent a compelling explanation for the defendant's failure to raise the applicability of the two-year-back rule before the hearing referee there was no abuse of discretion by the WCAB (Docket No. 68670). The defendant appeals.

In opinions by Justice BRICKLEY, joined by Justice RILEY, and by Justice BOYLE, joined by Chief Justice WILLIAMS and Justice CAVANAGH, the Supreme Court held:

There was no basis for a finding of waiver, requiring reversal and remand to the board.

Justice BRICKLEY, joined by Justice RILEY, stated that the one- and two-year-back rules of the workers' compensation act are not statutes that limit the period of time in which a claimant may file an action; rather, they concern a period for which compensation may be awarded upon a determination of a right to compensation. They are not statutes of limitations, but legislative limitations on the scope of authority possessed by a body awarding workers' compensation benefits.

1. Workers' compensation may not be paid for any period of time earlier than two years immediately preceding the date on which an application for a hearing is filed with the Bureau of Workers' Disability Compensation. The purpose of the rule is to provide notice to employers and to prevent stale claims. An analogous rule proscribes the ordering of further compensation once compensation has been paid for any period more than one

year prior to the date of filing an application for further compensation. The workers' compensation act does not explicitly provide whether the application of the rules can be procedurally waived by a failure to raise them during proceedings in which compensation is sought.

2. The rules provided by both statutes do not refer to periods of time in which persons seeking benefits must file petitions, but address proscriptions to a hearing referee or board to prohibit the payment or the ordering of compensation for periods of time prior to one or two years, precluding a statute of limitations interpretation. Nor do the rules serve the same purposes as statutes of limitations. Rather, they represent a legislative limitation on the scope of the authority to award benefits. Procedurally, where a defendant neglects to raise application of the rules on appeal and specifically limits the appeal to other issues, and where the rules have not been applied prior to appeal, the defendant may be held to have waived the right to raise the rules in defense. The waiver is based on the defendant's implicit acceptance of the result upon which the plaintiff may have relied.

Justice BOYLE, joined by Chief Justice WILLIAMS and Justice CAVANAGH, concurring in part and dissenting in part, stated that because the plaintiff's petition for hearing gave no notice of an intention to seek benefits for a period prior to the two years preceding its filing, there is no basis for a finding of waiver. The first opportunity the defendant had to raise the two-year-back rule was before the WCAB. The defense is not required to be raised prior to a plaintiff's giving notice of a claim to such benefits. In addition, the one-year-back rule, while similar to the two-year-back rule, is not identical. Issues relating to the one-year-back rule should not be decided in this case; nor should *Kleinschrodt* be overruled.

Affirmed in part, reversed in part, and remanded.

Justice LEVIN, joined by Justice ARCHER, writing separately, stated that a workers' compensation "back" rule is a defense that can be waived by nonassertion and is nonjurisdictional.

132 Mich App 639; 348 NW2d 286 (1984) affirmed in part and reversed in part.

*Rosenberg, Vigiletti, Gebauer & McCrandall, P.C.* (by *Theodore M. Rosenberg*), for the plaintiff.

*Munroe & Nobach, P.C.* (by *Cameron C. Mc-Comb*), for the defendant.

Brickley, J. In this workers' compensation case, we address one major question: Should the rule of *Kleinschrodt v General Motors Corp,* 402 Mich 381; 263 NW2d 246 (1978), reh den 402 Mich 965 (1978), governing the proper interpretation of the one-year-back rule, MCL 418.833(1); MSA 17.237(833)(1), and, as applied by analogy, the two-year-back rule, MCL 418.381(2); MSA 17.237(381)(2), be modified or overruled? In addition, we consider the defendant-appellant's arguments regarding the Workers' Compensation Appeal Board finding of a work-related disability.

The Court of Appeals summarized the evidence presented to the hearing referee:

Plaintiff commenced his employment with defendant at its Fisher Body plant in Grand Blanc on April 23, 1953, and, in October, 1956, he began to work as a die setter. Plaintiff described his duties as a die setter as being extremely strenuous. The job included prying heavy dies with six-foot bars. Sometime during the early 1960's, plaintiff was pulling a bar and moving a die into place when he felt a snap and pull in his back. He went to the first aid station, where he was given heat treatments, and he did not miss any time from work because of the injury.

Plaintiff claimed that following the injury he continued to have pain in his back. The pain became so intense that, in 1963, he was forced to have surgery. Plaintiff recuperated for six months before returning to his job as a die setter on October 18, 1963. The surgery was successful to the extent that plaintiff did not require additional time off from work because of the injury. Plaintiff, however, claimed that the pain continued.

During cross-examination, plaintiff explained that his health insurer had paid some of his surgical bills and that he had paid the balance. The defense entered into evidence a letter written by plaintiff to his health insurer which stated that

his back trouble was not related to his employment. Plaintiff identified the writing and signature as his own, but stated that he did not remember writing the letter.

In March, 1967, plaintiff requested a transfer to the position of crane operator because he believed that this job would be less injurious than working as a die setter. This request was granted. Plaintiff stated that in order to get into the crane he had to climb a forty-foot ladder. He estimated that he climbed up and down the ladder 12 to 15 times a day and that the pulling involved in climbing the ladder put a strain on his back. Moreover, in order to get signals from the workers on the ground, plaintiff had to stand up and lean over the cab which placed additional stress on his back.

Roland Willis, who supervised plaintiff at the Fisher Body plant, contradicted plaintiff's testimony as to the operation of the cranes. Willis stated that plaintiff would operate only one or two cranes a day, necessitating only a limited amount of climbing. In addition, the crane could be turned 180 degrees, enabling the operator to see down from the side of the cab without leaning out over the front of the machine. Willis further testified that plaintiff was only in the cabs about four hours a day and that the only reason for him to stand up was to stretch his legs if they got tired.

On December 5, 1966, plaintiff again injured himself when he slipped on icy pavement in the plant's parking lot. Plaintiff fell on his tailbone and experienced shooting pains in his hip and right leg. Plaintiff went to the plant's first aid station and informed them of the slippery conditions in the parking lot. Although plaintiff claimed that he continued to have pain in his right leg because of the accident, he admitted on cross-examination that his right leg had been previously injured during World War II. At the time of the hearing, plaintiff was receiving compensation from the government for the injuries to his right leg. Following the slip and fall, GMC arranged for plaintiff to see Dr. Harris about the resulting pain.

The plant's records reveal that on December 9, 1966, plaintiff reported that he was "much improved" and requested that the appointment be cancelled. At the hearing, plaintiff denied that he had ever made such a request.

Plaintiff did not receive any further medical treatment until July, 1973, when he suffered a ruptured appendix. During plaintiff's 90-day convalescence following surgery, he experienced an exacerbation of the pain in his back and leg. In addition, plaintiff began feeling brief transient pains in his chest. Notwithstanding his physical infirmities, plaintiff returned to work as a crane operator. He remained on the job for about a month, but was forced to leave because of the pain in his leg. Plaintiff went back to Dr. Herzog, the physician who originally operated on plaintiff's back, for an examination. Dr. Herzog took x-rays and conducted a myelogram, ultimately determining that plaintiff required additional surgery on his lower back. Plaintiff testified that, even after this surgery, the pain in his back was too intense to allow him to continue as a crane operator. Plaintiff admitted, however, that his intervening heart disease also prevented him from returning to work.

Following plaintiff's last day of work at General Motors on July 13, 1973, plaintiff was examined by several physicians. Dr. VanBrocklin concluded that plaintiff could return to work provided he was placed in a "sit-down" job. VanBrocklin did not believe that it was possible for plaintiff to continue as a crane operator because climbing the ladder might affect plaintiff's heart condition. VanBrocklin noted that there might also be some pain in plaintiff's back during the climbing.

Dr. Irving Young's examination revealed that plaintiff suffered no limitation of movement because of back pain. The x-rays showed a narrowing of the disc space and anterior spurring that might have been precipitated by the strenuous nature of plaintiff's work in the early 1960's. Young found no evidence that plaintiff's back injury was further aggravated by his employment.

Dr. Leon Friedman determined that plaintiff could not participate in significant physical activity because of his advanced cardiovascular disease. Friedman believed, however, that plaintiff could perform satisfactorily in a sedentary or semi-sedentary job. Although Dr. Friedman's examination focused on plaintiff's heart ailment, the doctor noted that plaintiff continued to complain of back pain.

Although plaintiff originally claimed that his employment caused aggravation to his back, appendix, heart, and lungs, he deleted all claims except those relating to his back. The disability award was accordingly based solely on the aggravation of his back condition. [*Howard v General Motors Corp,* 132 Mich App 639, 641-644; 348 NW2d 286 (1984).]

The plaintiff's petition for hearing by the Bureau of Workers' Compensation was filed June 24, 1977. After a hearing on August 21, 1979, the referee issued his decision on August 27, 1979, awarding plaintiff compensation for aggravation of his back condition as of his last day of employment, July 13, 1973. The hearing referee

determined that plaintiff was disabled due to the aggravation of back condition causally related to his employment. Plaintiff was credible and proved his disability by a preponderance of the evidence.

Defendant appealed to the Workers' Compensation Appeal Board on October 8, 1979. Except for a modification of the compensation rate and interest award, the board affirmed the plaintiff's award. The board concluded that a 1973 work-aggravated disability was supported by the evidence.

In addition, as to defendant's assertion of the two-year-back rule of MCL 418.381(2); MSA 17.237(381)(2), the board held that

[b]y its failure to invoke the two-year-back rule of Section 381(2) before the trial court, defendant has waived that non-jurisdictional affirmative defense, akin to a statute of limitations. It cannot thus raise that issue for the first time before the appeal board. *Kingery v Ford Motor Co,* 116 Mich App 606, 613-615 [323 NW2d 318] (1982), see also *Kleinschrodt v General Motors Corp,* 402 Mich 381, 384 (1978); *Bordas v Detroit General Hospital,* 100 Mich App 31, 33 [298 NW2d 655] (1980).

Defendant appealed to the Court of Appeals by leave granted, and that Court affirmed. *Howard, supra.*

The panel first addressed defendant's sufficiency of the evidence claim. The Court reviewed the expert testimony and found it "sufficient to sustain the WCAB's findings of fact." *Id.,* p 645. As to defendant's argument that it was the plaintiff's heart disease that prevented his continued employment, the Court held that

an independent, intervening event resulting in a new disabling medical problem does not alone justify the denial of benefits for a continuing work-related injury. *Powell v Casco Nelmor Corp,* 406 Mich 332, 354-355; 279 NW2d 769 (1979).

The panel also rejected defendant's argument that benefits should have been denied on the basis of plaintiff's inconsistent representations to his insurer in 1963.

Regarding application of the two-year-back rule, the Court applied the rule of *Kingery, supra,* and *Kleinschrodt, supra,* and upheld the WCAB's decision. The Court reasoned that

the WCAB is not required to consider issues raised for the first time before it. On the facts of this case, where the record is devoid of any compelling

explanation for defendant's failure to raise the applicability of the two-year-back rule before the hearing officer, we find no abuse of the WCAB's discretion. [*Howard, supra,* p 647.]

Defendant applied for leave to appeal in this Court, and it was denied November 9, 1984, except that the case was remanded to the Workers' Compensation Appeal Board (419 Mich 948 [1984]) for any recomputation of the interest part of the award in light of *Selk v Detroit Plastic Products (On Resubmission),* 419 Mich 32; 348 NW2d 652 (1984). On remand, the board did not alter its interest award. On reconsideration, this Court vacated its earlier denial and granted leave to appeal on June 26, 1985. 422 Mich 936 (1985).

I

The defendant-appellant first maintains that the "finding" of the board and the Court of Appeals that plaintiff sustained a last-day-of-work occupational aggravation is "contrary to law." In support of its claim, the appellant highlights plaintiff's arguable lack of credibility on the basis of his contradictory claim to his insurance company in 1963. The appellant asserts that the board in this case did not make its factual findings specific and clear.

The appellant also maintains that "the record does not support a finding of personal or occupational injury as of the plaintiff's last day worked." It argues that "[t]he evidence in the record fails to establish that the plaintiff has a continuing work-related orthopedic disability" and that plaintiff left work in 1973 because of an appendectomy and cardiac problems, not because of his back.

Our review of this issue is limited both constitu-

tionally and statutorily. Article 6, § 28 of the Michigan Constitution provides:

> Findings of fact in workmen's compensation proceedings shall be conclusive in the absence of fraud unless otherwise provided by law.

MCL 418.861; MSA 17.237(861) also governs:

> The findings of fact made by the board acting within its powers, in the absence of fraud, shall be conclusive. The court of appeals and the supreme court shall have power to review questions of law . . . .

This Court has noted on many occasions that "[f]indings of fact by the [board] are conclusive if supported by the evidence presented." *Hlady v Wolverine Bolt Co,* 393 Mich 368, 374; 224 NW2d 856 (1975).

In this case, the board's finding of a work-related disability is supported by the record. A brief review of the evidence supports our conclusion.

The deposition of Dr. Irving Young states that plaintiff's back trouble in the 1960s "was definitely aggravated by the heavy lifting and straining of his work." He further commented:

> In my judgment, his initial episode of back pain was aggravated and perhaps precipitated by the strenuous nature of the work that he had been doing for some years.
>
> * * *
>
> Degenerative disc disease and herniated disc is [sic] characteristically aggravated by physical labor that puts stress on the lower spine. I therefore feel that this man's work, which he described as being heavy in the initial period of his employment, must have been an aggravating factor in the development of his disorder.

The deposition of Dr. James VanBrocklin contradicted that of Dr. Young. He opined:

> The patient appears to be disabled from his work as a crane operator on the basis of a history of coronary artery disease rather than on the basis of disc disease and lumbar laminectomy.

The third physician, Dr. Leon Friedman did not evaluate the plaintiff's back problem, but focused only on his heart disease.

Thus, as to the work-relatedness of plaintiff's back disorder, the dispute was reduced to a battle of the experts, and the board chose to believe Dr. Young. The applicable standard of review does not permit this Court to quibble with that assessment and the resulting findings of fact.

The board found a compensable work-related disability on the basis of Dr. Young's deposition and plaintiff's own testimony. It refused to discount plaintiff's testimony merely because he had claimed no work-relatedness in 1963 in an effort to obtain medical insurance benefits.

While we might express reservations about the board's conclusions were we reviewing this case de novo, under the applicable standard of review, we will not question the board's credibility assessment.

Regarding plaintiff's intervening heart disease, we find that the board and the Court of Appeals properly applied the rule of *Powell v Casco Nelmor Corp, supra,* pp 354-355. In *Powell,* we approved of the Court of Appeals statement that

> [a]n independent, intervening event, which follows a personal injury arising out of and in the course of employment, does not alone justify the denial, suspension, reduction, or increase of disability benefits for a continuing work-related injury.

Thus, given that the finding of a work-related disability is supported by the record, and given that the plaintiff's subsequent health problems have no legal effect on his entitlement to benefits, we are bound by the findings of the board, and we would affirm the judgment of the Court of Appeals on this issue. We turn now to the more substantive issue regarding application of the two-year-back rule.

II

The two-year-back rule provides:

Except as provided in subsection (3)[1] if any compensation is sought under this act, payment shall not be made for any period of time earlier than 2 years immediately preceding the date on which the employee filed an application for a hearing with the bureau. [MCL 418.381(2); MSA 17.237(381)(2).]

The purpose of the two-year-back rule "is to provide notice to the employer and to prevent stale claims . . . ." *Fuchs v General Motors Corp,* 118 Mich App 547, 554; 325 NW2d 489 (1982), citing *White v Michigan Consolidated Gas Co,* 352 Mich 201, 212; 89 NW2d 439 (1958) (referring to the one-year-back rule).

The analogous one-year-back rule applies after payments have stopped, and the injured employee has filed for additional benefits. It provides:

If payment of compensation is made, other than

---

1 Subsection (3) provides:

Payment for nursing or attendant care shall not be made for any period which is more than 1 year before the date an application for a hearing is filed with the bureau. [MCL 418.381(3); MSA 17.237(381)(3).]

medical expenses, and an application for further compensation is later filed with the bureau, no compensation shall be ordered for any period which is more than 1 year prior to the date of filing of such application. [MCL 418.833(1); MSA 17.237(833)(1).][2]

Plaintiff Howard's petition for a hearing was filed June 24, 1977. Had the two-year-back rule been applied, the award period would have commenced on June 24, 1975, rather than as of his last day of employment, July 13, 1973. The defendant failed to raise the issue at the hearing level, and the rule was not applied. The board refused to apply it under the rule of *Kleinschrodt.*

Thus, the general question posed by this case in regard to the proper construction of the one- and two-year-back statutes is whether they can be procedurally waived by a failure to raise them at some point in the proceedings. The Legislature might have explicitly provided, but did not, for a "failure to raise" waiver rule in the statute.[3] Therefore, our choice is to interpret the statutes either as being "akin to statutes of limitation," and thus waived, if not raised, following the *Kleinschrodt* reasoning, or as limitations on the authority of the board and not waivable.

---

[2] The same statute also provides that if there is an overpayment of benefits, "no recoupment of money shall be allowed for a period which is more than 1 year prior to the date of taking such action." MCL 418.833(2); MSA 17.237(833)(2).

[3] For example, Florida has a statutory waiver rule:

Notwithstanding the provisions of subsection (1), the failure to file a claim within the period prescribed in that subsection shall not be a bar to such right unless objection to such failure is made at the first hearing of such claim in which all parties in interest are given reasonable notice and an opportunity to be heard. [Fla Stat Ann, § 440.19(2).]

This statute refers to the time period for filing claims, not to a two- or one-year-back rule.

Regarding the continuing viability of the *Klein-schrodt* rule, appellant first argues that that case should be overruled. Alternatively, appellant maintains that the instant case may be distinguished from *Kleinschrodt,* in that the waiver rule of that case was applied to its failure to raise the "back" rule issue at the hearing referee level, rather than before the board.

As we indicated recently, the holding of *Kleinschrodt* "was expressly limited to the circumstances of that case." *Franks v White Pine Copper Div,* 422 Mich 636, 674; 375 NW2d 715 (1985). Accordingly, this case, like *Franks,* may be easily distinguished.[4] The more important question presented, however, is whether the reasoning of *Kleinschrodt* remains viable at all (by direct application or by analogy) in cases where defendants have not *expressly* limited their appeal to particular issues. Providing an answer to that question involves reconsideration of the basis for the *Kleinschrodt* decision and of the cases that have built upon the *Kleinschrodt* foundation.

A

The earliest case that may be said to have addressed the general question presented is *Lynch v Briggs Mfg Co,* 329 Mich 168; 45 NW2d 20 (1950). In that case, we vacated certain parts of the plaintiff's award on the basis of the one-year-back rule.

*Lynch* dealt primarily with whether the finding of the plaintiff's total disability was supported by

---

[4] In *Kleinschrodt,* the appeal board had raised the one-year-back rule sua sponte. Defendants in *Kleinschrodt* did not raise it before the board as did the defendant in the instant case. Moreover, defendants in *Kleinschrodt* explicitly limited their appeal to the disability issue, whereas this defendant did not so limit its appeal.

the evidence. It found that it was, but that "the period for which compensation could be awarded . . . could not extend retroactively beyond 1 year prior to . . . the date upon which plaintiff's present petition was filed." The plaintiff had filed three separate applications for compensation. *Lynch* stated that

[t]he power of the commission to award compensation is expressly limited by the [one-year-back rule]. [*Id.,* p 173.]

In *Loucks v Bauman,* 356 Mich 514; 97 NW2d 321 (1959), the question of "waivability" of the one-year-back rule was specifically addressed. At least three justices in that case found the rule to be a limitation on the board's authority, and not waivable.

In *Loucks,* the plaintiff had been awarded compensation in 1948 for a specific loss of his left leg in a 1947 injury. In 1954, the plaintiff filed for an adjustment of his claim, and the hearing referee made an "open end" award, finding that the plaintiff had a further disability but that he was not entitled to compensation because he had suffered no disability-induced wage loss subsequent to 1953 (one year back). The defendants appealed the finding of disability, and the board affirmed, modifying the award on its own motion to grant the plaintiff total disability benefits, including time periods prior to 1953. The defendants claimed that the one-year-back rule should be applied to disallow compensation for any period prior to 1953.

The *Loucks* Court was split. An opinion by Chief Justice DETHMERS, in which Justices CARR and KELLY joined, held that the one-year-back rule was applicable.

On the waiver issue, these three justices stated:

The provision of the statute in question does not impose a limitation of actions, fixing a time limit within which actions may be brought, which may be deemed waived by defendant's failure to assert it in defense, but, on the contrary, *it places a limitation on the power of the appeal board which cannot be waived by parties. [Id.,* pp 517-518. Emphasis added.]

Defendant's failure to raise the issue before the board was justified on the ground that the hearing referee had applied the one-year-back rule, and that, therefore

there was no occasion for defendant, on appeal to the workmen's compensation appeal board from the referee's finding of disability . . . , to urge the bar of the statute to compensation for any time antedating the 1-year period. [*Id.,* p 517.]

However, that opinion also noted that the grant of leave to appeal had been expressly limited to the *applicability* of the rule. It observed that

[p]laintiff . . . has not raised the point that defendant failed to raise or argue the statutory bar before the appeal board. It is properly before us on this appeal. [*Id.,* p 518.]

Justice EDWARDS separately concurred in the partial denial of compensation. He agreed that the one-year-back rule was applicable and that the referee had properly applied it. Regarding waiver, he noted,

The appeal board did, apparently, have the issue

before it, since its order makes reference to the 1-year limitation date applied by the referee. Whatever the reason may be for the appeal board's omission, *in my view, the language of the amendment is clear and, as the referee indicated, it bars recovery in the fact situation presented* as to any compensation prior to November 9, 1953. [*Id.,* p 531. Emphasis added.]

The remaining opinion by Justice BLACK, in which Justices SMITH and VOELKER concurred, maintained that the Court should not review any question not presented first to the board. *Id.,* p 524. Justice BLACK believed that the Court should "insist on the benefit of the board's view before it undertakes on certiorari to interpret and apply" the workers' compensation law. *Id.,* p 527.

The view of the three justices who did not sign the opinions applying the one-year-back rule in *Loucks* stemmed from a concern that the Court should not address the question unless the board first issued an opinion on it. See *id.,* p 527. Had the board issued an opinion in *Loucks,* explaining its failure to apply the one-year-back rule and using a waiver analysis, or alternatively, had it affirmed the hearing referee's application of the rule, Justice BLACK and those who joined his opinion, would have presumably deferred to the board's expertise.

Thus, it cannot be said that the three justices who did not apply the one-year-back rule in *Loucks* advocated, or were even likely to advocate, waiver by failure to raise the issue. The remaining four justices interpreted the "back" rule as a limitation of authority.

*Kushay v Sexton Dairy Co,* 394 Mich 69; 228

NW2d 205 (1975), represents the next time[5] we specifically mentioned the issue, by way of interpreting *Loucks*. The final portion of the majority opinion in *Kushay* addressed issues not presented to the referee, the appeal board, or the Court of Appeals. One of these was the defendant's claim under the one-year-back rule. The defendant had argued that the one-year-back provision could not be waived, citing *Loucks*. The defendant was held to have

> failed properly to preserve these issues[13] and that there is, therefore, no need to address the merits of those issues.

[5] Plaintiff cites *Hlady v Wolverine Bolt Co, supra,* as support for his position. While it is true that *Hlady* refers to the one-year-back rule as a "built-in statute of limitations," *id.,* p 381, the case does not address waiver of the rule stemming from failure to raise it. In fact, the opinion appears sua sponte to endorse application of the rule by the board or the Court of Appeals. This Court discussed the one-year-back rule in *Hlady* as follows:

> Even if the doctrine of res judicata did not apply in this case, our Workmen's Compensation Act itself prevents this Court from awarding further benefits to the plaintiff. As set forth previously in this decision, the act contains a one-year-back rule provision. *In effect this provision prevents the courts or the Appeal Board from awarding payment of benefits for any period of time prior to one year back from the filing of the petition for hearing.* In the instant case plaintiff filed her petition with the Department on November 16, 1967. The one-year-back rule, if applicable, would prevent this Court from awarding benefits covering any period of time prior to November 16, 1966. Yet the act itself mandates that at an absolute maximum, Mary Hlady may not be compensated for any period of time extending beyond 500 weeks from October 18, 1945. Thus no benefits may be awarded to the plaintiff for any period beyond the year 1955. [*Id.,* pp 380-381. Emphasis added.]

The emphasized language supports interpreting the one-year-back rule as a limit on the grant of authority of the workers' compensation act. While the reference to the "statute of limitations" in *Hlady* to some extent supports a pro-*Kleinschrodt* view, the fact that we applied the "back" rule in *Hlady,* combined with the language we used in finding it applicable support a rule that would not require waiver because of a failure to raise the rule.

---

[13] Sexton Dairy relies on the statement of three justices in *Loucks v Bauman*, 356 Mich 514, 517-518; 97 NW2d 321 (1959), for the proposition that the one-year-back provision is not a defense which can be waived. That view did not then and does not now have the support of a majority of the Court.

---

[*Id.*, p 77.]

We do not find the interpretation of *Loucks* that is offered in footnote 13 of *Kushay* helpful on this issue.[6] Again, three of the justices in *Loucks* explicitly advanced the view that the "back" rule was a limitation of authority. Justice EDWARDS concurred separately noting that the board "had the issue before it" and that the rule "bars recovery." The remaining justices expressed no opinion on the substantive question regarding waiver, but instead, seemed to indicate their willingness to go along with whatever the board decided.

Our per curiam majority opinion in *Kleinschrodt v General Motors, supra,* p 384, did not discuss *Loucks* or *Baldwin v Chrysler Corp,* 67 Mich App 61; 240 NW2d 266 (1976), but instead relied on footnote 13 of *Kushay* when it stated "that the one-year-back provision is a defense, akin to the statute of limitations, which can be waived. It is not jurisdictional." The plaintiff in

[6] Apparently the Court of Appeals did not interpret *Kushay* as overruling *Loucks.* In *Baldwin v Chrysler Corp,* 67 Mich App 61; 240 NW2d 266 (1976), it applied the one-year-back rule as a limitation of authority.

The plaintiff, in *Baldwin,* was injured in 1943. Defendant voluntarily paid benefits until 1947. After that, the plaintiff was employed elsewhere until 1970. After 1972, the plaintiff filed for further benefits. Quoting the one-year-back rule, the Court of Appeals held that any benefits awarded prior to 1971 were not authorized by law. The Court reasoned:

We do not read the [one-year-back provision] as a statute of limitations, but rather as a limit on the Workmen's Compensation Appeal Board's authority to order the payment of benefits. [*Id.,* p 62.]

*Kleinschrodt* injured his finger in 1962 and was voluntarily paid ninety-three weeks of compensation before being put on disability compensation in 1964 after developing a brain tumor. In 1972, he applied for additional benefits related to the hand injury.

The issue before the hearing referee was whether the plaintiff had lost the industrial use of his hand in 1962. The referee held that he had and awarded 215 weeks of benefits.

On appeal to the board, the defendant in *Kleinschrodt* explicitly confined its arguments to the disability issue. The board affirmed on that point, but denied benefits on the basis of the one-year-back rule, which it invoked sua sponte. The Court of Appeals ultimately affirmed (after remand from this Court for consideration as on leave granted), holding that "the one-year-back rule constitutes a limit on the authority of the appeal board to award compensation and cannot be waived." *Kleinschrodt, supra,* p 383 (a paraphrase of the unpublished Court of Appeals opinion).

We reversed, citing footnote 13 of *Kushay* and emphasizing that the defendant had explicitly limited its brief to the board to one issue.

> Under these circumstances, we hold that defendant waived the defense of the one-year-back rule by failing to raise it before the appeal board. [*Id.,* p 384.]

The *Kleinschrodt* dissent considered the one-year-back provision to be "a limitation on the Worker's Compensation Appeal Board's authority . . . ." *Id.* Quoting from the opinions of Justices DETHMERS and EDWARDS in *Loucks* and from *Baldwin,* the dissent observed:

In *Kleinschrodt,* the Court today has overruled *Loucks* and *Baldwin* on the basis of a not altogether accurate footnote in *Kushay . . . ,* a footnote which was appended to the statement that [the defendant in *Kushay*] "failed properly to preserve" certain issues "and that there is, therefore, no need to address the merits of those issues." The Court's opinion hangs on this slender thread. It does not justify its conclusion on legal or policy grounds. I find it unconvincing and would uphold the reasoned conclusions in *Loucks* and *Baldwin.* [*Id.,* pp 385-386.]

Subsequent cases in the Court of Appeals have applied the *Kleinschrodt* rule and have expanded its scope. In *Pipe v Leese Tool & Die Co,* 90 Mich App 741; 282 NW2d 462 (1979), rev'd on other grounds 410 Mich 510; 302 NW2d 526 (1981), the board had again applied the one-year-back rule sua sponte. Citing *Kleinschrodt,* the Court of Appeals held,

Defendants' failure to raise this defense constitutes a waiver of the statute's protections and precludes the WCAB from raising it *sua sponte.* [*Id.,* p 744.]

In *Bordas v Detroit General Hospital,* 100 Mich App 31, 33; 298 NW2d 655 (1980), the Court of Appeals construed the two-year-back rule, implicitly applying the *Kleinschrodt* rule by analogy without ever citing that case.

The two-year-back rule is similar to the statute of limitations. Just as the statute of limitations is tolled when suit is filed, so is the two-year-back rule.

Without discussing *Kleinschrodt,* the panel distinguished *Lynch.*[7]

A minority of this Court disapproved of expanding *Kleinschrodt* in *Piwowarski v Detroit Sulphite Pulp & Paper Co,* 412 Mich 716; 316 NW2d 719 (1982), which construed the one-year-back rule. Although the majority per curiam opinion was limited to the issue "whether a request that benefits be paid for total and permanent disability is a request for 'further compensation,' where the benefits previously paid were specific-loss benefits[,]" the dissent addressed the question of waiver.

In *Piwowarski,* the plaintiff's decedent had been injured in 1948 and was awarded specific loss benefits. His 1970 petition for total and permanent disability benefits was denied by the referee on factual grounds. On appeal, the board did not decide the factual issue, but instead applied the one-year-back rule to deny benefits. The Court of Appeals reversed and remanded on the basis of *Kleinschrodt.* On remand, the board found a total and permanent disability and awarded benefits.

This Court's majority found it unnecessary to address "whether the [defendant's] failure to assert the one-year-back rule defense at its first opportunity constitutes a permanent waiver of

[7] The *Bordas* Court cited no authority for its assertion that the two-year-back rule "is similar to the statute of limitations." Yet, it went out of its way to distinguish *Lynch, supra,* p 173, which had held that the one-year-back rule "expressly limited" "the power of the commission to award compensation."

*Lynch* was distinguished on the grounds that (1) it involved the one-year-back rule, which already acknowledges that plaintiff is receiving benefits from an earlier petition, and (2) the petitions in *Lynch* did not involve a "continuing claim" as did the second petition in *Bordas;* the first two petitions in *Lynch* were dismissed.

While the factual differences between *Lynch* and *Bordas* are valid and provide good reasons for allowing a "tolling" in one case and not the other, they do not provide any basis for the fundamental difference in characterization of the two essentially analogous statutory provisions.

that defense." *Id.* The dissent found the rule applicable, and therefore addresssed the waiver issue. The dissent interpreted application of the *Kleinschrodt* rule in *Piwowarski* as an unjustified extension of that rule, and would have at least limited the rule's application to a failure to raise the issue before the board, not the hearing referee. *Id.,* p 727 and n 5.

Despite the *Piwowarski* dissent's preference for limiting *Kleinschrodt,* the rule experienced a major extension in *Kingery v Ford Motor Co, supra.* In *Kingery,* plaintiff was awarded benefits for occupational lung disease caused in part by his employment by two defendant employers. On appeal, the board adjusted the apportionment of liability between the two employers and held that

> the two-year-back rule advanced by Ford and Weltronic "being a nonjurisdictional affirmative defense, was not raised prior to appeal" and was waived. [*Id.,* p 612.]

Affirming the board's refusal to apply the two-year-back rule, the Court of Appeals agreed "that the rule is akin to a statute of limitations and was waived." *Id.,* p 613. The *Kingery* panel cited *Kleinschrodt* as dispositive of the issue. It noted:

> Although *Kleinschrodt* can be distinguished from the present case because the WCAB raised *sua sponte* the issue while here Ford raised the issue in its delayed application for review, we find that the *Kleinschrodt* case is applicable. A totally new issue, not decided by the administrative law judge, is akin to a statute of limitations and cannot be raised either by request or *sua sponte.* We consider, by analogy, that while this Court reviews cases in equity *de novo,* we will not review an issue first raised on appeal. Therefore, we find that because the two-year-back rule operates as a stat-

ute of limitations, *Bordas v Detroit General Hospital,* 100 Mich App 31, 33; 298 NW2d 655 (1980), as in *Kleinschrodt,* Ford's failure to raise the issue before the administrative law judge constituted a waiver. The wcab did not err in declining to apply the two-year-back rule. [*Id.,* p 615.]

The Court of Appeals also applied *Kleinschrodt,* without discussion, in *Franks v White Pine Copper Div,* 122 Mich App 177; 332 NW2d 447 (1982), rev'd 422 Mich 636; 375 NW2d 715 (1985). In *Franks,* the primary issue was whether the setoff provision of the act applied to awards that predated that provision's effective date. On appeal, we reversed the Court of Appeals on the substantive issue and held:

> We also are unable to concur in the Court of Appeals holding that defendant had waived the two-year-back rule . . . . [422 Mich 674.]

We limited *Kleinschrodt* "to the circumstances of that case," *id.,* noting that

> on appeal to the wcab, [the defendant in *Kleinschrodt*] not only failed to raise what may have been the complete defense of the one-year-back rule, it specifically limited the issue to be considered by the board to the question of disability. [*Id.*]

The facts of *Franks* were similar to those of *Loucks.* As in *Loucks* and *Piwowarski,* the hearing referee had awarded benefits according to the applicable "back" rule. The plaintiff did not request review of the award. The defendant appealed to the board on other grounds, then the board modified the referee's order sua sponte, making the commencement date six years earlier. Using reasoning similar to that employed by the dissent in *Piwowarski,* we disagreed with the board's in-

terpretation of *Kleinschrodt*. We saved for another
day the issue presented in the instant case.[8]

Concurring with the majority in *Franks,* Justice
RILEY would have overruled *Kleinschrodt* as it
applies or might be applied, in both one-year-back
and two-year-back rule cases. Emphasizing the
language of the two-year-back provision, and con-
struing the one-year-back rule similarly, Justice
RILEY opined that the language of the statutes
"indicates a legislative intent to limit the author-
ity of the hearing referee and the [board] in
awarding the payment of benefits." *Id.,* p 686.
Thus, Justice RILEY would have had the Court
adopt Justice COLEMAN'S dissent in *Kleinschrodt,*

---

[8] Under the circumstances of this case, defendant could not
have appealed a ruling on the two-year-back rule to the WCAB,
because the decision of the hearing referee was favorable to its
position on that rule. There was no reason to anticipate a need
to argue that issue prior to the determination that Mr. Franks
was entitled to additional benefits. Although the majority in
*Kleinschrodt* viewed this defense as nonjurisdictional, there is
no authority for requiring it to be raised in a void in the first
responsive pleading or be waived. Compare MCR 2.116(D)(1)
and 2.116(D)(2). See *Piwowarski v Detroit Sulphite Pulp &
Paper Co,* 412 Mich 716, 727; 316 NW2d 719 (1982) (COLEMAN,
C.J., *dissenting*). We agree with the admonition of Justice
COLEMAN that it would be "a costly mistake to extend the
holding in *Kleinschrodt* beyond the facts presented in that
case." (The majority did not reach this issue in its resolution of
the case.)[27]

---

[27] The Court of Appeals has applied the rationale of the
*Kleinschrodt* majority to the two-year-back rule, holding that it
is "akin to a statute of limitations" and is waivable, not
jurisdictional. *Kingery v Ford Motor Co,* 116 Mich App 606,
615; 323 NW2d 318 (1982); *Howard v General Motors Corp,* 132
Mich App 639; 348 NW2d 286 (1984), remanded on other
grounds 419 Mich 948 (1984). As this issue need not be decided
in this case, we intimate no opinion as to the correctness of
these decisions. We hold merely that, assuming arguendo that
the two-year-back rule is waivable, the Court of Appeals ruling
that it was waived in this case is clearly erroneous.

---

[*Franks, supra,* pp 676-677.]

and "extend her reasoning to include proceedings before the hearing referee." *Id.,* p 687, n 3.

B

Preliminarily, we would find that, for purposes of analyzing the applicability of a *Kleinschrodt*-type waiver rule, the one- and two-year-back rules are indistinguishable. The operative language of the rules conveys essentially the same meaning. In the case of the two-year-back rule specifically at issue in the case at bar, "payment shall not be made for any period of time earlier than 2 years . . . ." When the one-year-back rule applies, "no compensation shall be ordered for any period which is more than 1 year prior . . . ." Both statutes address their proscriptions to the hearing referee or board; they prohibit the "payment" or ordering of compensation for periods earlier than indicated. The rules do not refer to a time by which persons seeking benefits must file their petitions. Accordingly, we would decline the opportunity to make a finding of no waiver solely on the basis that *Kleinschrodt* addressed the one-year-back rule, whereas the instant case involves the two-year-back rule.

Likewise, we would reject an analysis that would limit application of the rule to a failure to raise the issue before the board, rather than the hearing referee. In the case at bar, the defendant did argue the two-year-back rule before the board and therefore might be held to have sufficiently preserved the issue.

Rather, with the foregoing cases in mind, we prefer to reexamine the foundation, or lack thereof, for the *Kleinschrodt* rule, and to assess its continuing viability in cases involving either "back" rule, applied at either level of administrative consideration.

If the one- and two-year-back rules were statutes of limitations or highly analogous to them, the waiver rule set down in *Kleinschrodt* would be logical and appropriate. In a civil suit, a statute of limitations defense must be raised in the party's first motion or it is waived.

However, neither the one- and two-year-back rules, themselves, nor any other provision of the Workers' Disability Compensation Act contains language similar to the court rules that provide for such waiver in a civil action.[9]

Upon reconsideration, we would find that the "statute of limitations" interpretation of the one-year-back rule offered in *Kleinschrodt* and applied to the two-year-back rule in *Kingery* and *Howard* contradicts our earlier precedent on the subject as well as the plain language of the statutes.

*Kleinschrodt* did not overrule *Lynch* and *Loucks*. Thus, the statement in the latter case that the "back" rules "place[ ] a limitation on the

---

[9] See MCR 2.111(F)(2), which provides in part:

> A party against whom a cause of action has been asserted by complaint, cross-claim, counterclaim or third-party claim must assert in a responsive pleading the defenses the party has against the claim. A defense not asserted in the responsive pleading or by motion as provided by these rules is waived, except for the defenses of lack of jurisdiction over the subject matter of the action, and failure to state a claim on which relief can be granted.

See also MCR 2.116(C), which allows a party to a civil action to move for dismissal of or summary judgment on a claim, specifying certain grounds upon which such a motion may be made. The defenses of lack of jurisdiction, insufficient process, and insufficient service of process

> must be raised in a party's first motion under this rule or in the party's responsive pleading, whichever is filed first, or they are waived. [MCR 2.116(D)(1).]

Other grounds, including the statute of limitations, MCR 2.116(C)(7), must be raised no later than a party's responsive pleading. MCR 2.116(D)(2).

power of the appeal board which cannot be waived" remains good law in all cases where defendant has not explicitly limited the issues to be considered on appeal, to the exclusion of the "back" rule. This interpretation of the provisions is also in keeping with prior Workers' Compensation Appeal Board statements.[10]

The plain language of the "back" rules also militates against interpreting them as statutes of limitations.

A statute of limitations "represents a legislative determination of that reasonable period of time that a claimant will be given in which to file an action." *Lothian v Detroit,* 414 Mich 160, 165; 324 NW2d 9 (1982).

> A statute of limitations is an act limiting the time within which an action shall be brought. However, not every statute prescribing a limit of time within which an act may be performed or action taken is necessarily a statute of limitations as that term is ordinarily used. [53 CJS, Limitations of Actions, § 1, p 900.]

[10] In 1975, the board opined that it was empowered to apply the two-year-back rule sua sponte, where a defendant had failed to raise it before the hearing referee or the board. *Smith v Chrysler Corp,* 1975 WCABO 300. However, it did not apply the rule in that case because the award had become final; the board found that it had erred in making the award, but noted the longstanding prohibition against reviewing its own decisions. Defendant in *Smith* had cited *Townsend v Pontiac Motors Div,* 1972 WCABO 2580, in which the board had cited the rule and applied it to the award of benefits, without explanation.

Moreover, in *Wheeler v General Motors Corp,* 1980 WCABO 360, a post-*Kleinschrodt* decision, the board seemed to adhere to its earlier view. It stated:

> The back rules constitute limitation on our authority, emanating from nowhere but the Act, to award benefits. When brought to our attention, they must be appropriately applied. [Citing *Kleinschrodt* and an earlier decision of the board.] [*Id.,* p 363.]

The term "limitation," in this connection, has been defined as being the time at the end of which no action at law or suit in equity can be maintained. [51 Am Jur 2d, Limitation of Actions, § 2, p 592.]

Expressed in yet another way:

[A] statutory limitation reduces to a fixed interval the time between the accrual of the right and the commencement of the action. In short, a true statute of limitations prescribes a time period within which an action must be brought upon claims or rights to be enforced. [*Id.,* § 13, p 599.]

Thus, relying on these very basic definitions of statutes of limitations, the one- and two-year-back rule statutes may not be so categorized. Simply stated, they are not statutes that limit the period of time in which a claimant may file an action. Rather, they concern the time period for which compensation may be awarded once a determination of rights thereto has been made.[11]

---

[11] The wording of typical statutes of limitations is in keeping with these basic definitions. For example, the statute of limitations for breach of contract actions reads in part:

No person may bring or maintain any action to recover damages or sums due for breach of contract, or to enforce the specific performance of any contract unless . . . he commences the action within the periods of time prescribed by this section. [MCL 600.5807; MSA 27A.5807.]

Likewise, "[no person may] bring or maintain an action to recover damages for injuries to persons or property unless . . . [he commences] the action . . . within the periods of time prescribed . . . ." MCL 600.5805; MSA 27A.5805.

A perusal of the limitations of actions section of the Revised Judicature Act reveals that, like the above-quoted examples, most statutes of limitations require that actions "be commenced" within certain time periods. Generally, "the period of limitations runs from the time the claim accrues." MCL 600.5827; MSA 27A.5827. By contrast, the point of reference for the one- and two-year-back rules is the date of the filing of the application. The rules come into play only if compensation is awarded.

Moreover, the one- and two-year-back rules do not serve the same purposes as do typical statutes of limitations.

> Limitations periods created by statute are grounded in a number of worthy policy considerations. They encourage the prompt recovery of damages . . .; they penalize plaintiffs who have not been industrious in pursuing their claims . . .; they "afford security against stale demands when the circumstances would be unfavorable to a just examination and decision" . . .; they relieve defendants of the prolonged fear of litigation . . .; they prevent fraudulent claims from being asserted . . .; and they " 'remedy . . . the general inconvenience resulting from delay in the assertion of a legal right which it is practical to assert.' " [*Lothian, supra,* pp 166-167. Citations omitted.]

The purpose of the one- and two-year-back rules is to provide notice to the employer and to prevent stale claims, *Fuchs, supra; White, supra.* Although the rules do have the effect of penalizing claimants who have not timely pursued their claims, and while they *limit* an employer's unexpected liability for compensation, they do not relieve employers of the fear of litigation, nor do they prevent fraud or remedy the inconvenience of delay. The rules do not perform the functions traditionally associated with statutes of limitations because they do not operate to cut off a claim, but merely limit the remedy obtainable. They do not disallow the action or the recovery—a petition may be filed long after an injury and benefits may be awarded in response thereto—they merely limit the award once it has been granted.

Therefore, on the basis of the language of the rules, we perceive no logical reason for characterizing the one- and two-year-back rules as statutes

of limitations. We therefore would reject any language in *Kleinschrodt* that may have implied that the waiver rule employed in that case was so premised.

The "back" rules are better described as legislative limitations on the *scope* of authority possessed by a body granting workers' compensation benefits.

The workers' compensation system is a creature of statute, see, generally, MCL 418.101 *et seq.;* MSA 17.237(101) *et seq.* The authority to make awards is also limited by statute, and the "back" rules represent one kind of limitation that the Legislature has chosen to constrain the power to grant benefits. As a matter of substantive law, when a hearing referee or the board awards benefits in violation of one of the "back" rules, they may be said to have exceeded the permissible scope of their statutory authority.

Procedurally, if a defendant neglects to raise application of the rules on appeal, where the rules have not in fact been applied below, and specifically limits an appeal to other issues, as was the case in *Kleinschrodt,* then the defendant may be held to have waived his right to raise the "back" rule defenses. Such waiver is based on a defendant's implicit acceptance of the result below, upon which the plaintiff may have relied. The rule of *Kleinschrodt* should be extended no further.

As we indicated in *Franks,* the *Kleinschrodt* waiver rule must be limited to the unique facts of the case, the most important being the defendant's explicit articulation of the grounds for appeal from the decision of the board, to the exclusion of the "back" rule defense. Any interpretation of the "back" rules as statutes of limitations is rejected. Such analysis is contrary to precedent and contradicts the plain language of the provisions in question.

We would affirm in part and reverse in part the decision of the Court of Appeals. We would remand the case to the Workers' Compensation Appeal Board for recomputation of the award according to the dictates of the two-year-back rule, MCL 418.381(2); MSA 17.237(381)(2).

RILEY, J., concurred with BRICKLEY, J.

BOYLE, J. (*concurring in part and dissenting in part*). The plaintiff's petition for hearing before the Bureau of Workers' Disability Compensation does not claim benefits for a period prior to two years preceding the filing of the petition. It merely states that Mr. Howard sought "such relief as he is entitled to under the Workers' Disability Compensation Law of Michigan." There is no notice whatsoever of an intention to seek damages beyond the extent provided for by MCL 418.381(2); MSA 17.237(381)(2):

> [I]f any compensation is sought under this act, payment shall not be made for any period of time earlier than 2 years immediately preceding the date on which the employee filed an application for a hearing with the bureau.

Upon appeal to the WCAB, the WCAB held that the defendant lost its ability to rely on MCL 418.381(2); MSA 17.237(381)(2) because the issue had not been raised before the hearing referee:

> By its failure to invoke the two-year-back rule of Section 381(2) before the trial court, defendant has waived the nonjurisdictional affirmative defense, akin to a statute of limitations. It cannot thus raise that issue for the first time before the appeal board.

Because the "complaint"—that is, the petition

for hearing—gave no notice of an issue concerning benefits beyond the two-year limit of MCL 418.381(2); MSA 17.237(381)(2), there is no basis for finding waiver in this case. No responsive pleading under MCR 2.110(B) could be made to such an unstated claim. Since the hearing referee implicitly raised the two-year-back rule by the nature of the award of benefits, the first opportunity of the defendant to raise the two-year-back rule was before the WCAB. In *Kleinschrodt v General Motors Corp,* 402 Mich 381; 263 NW2d 246 (1978), we held that failure to raise the one-year-back rule of MCL 418.833; MSA 17.237(833) before the *appeal board* resulted in a waiver. We did not hold that such a defense must be raised even before a plaintiff gives notice that benefits are sought for a period prior to two years preceding the filing of a petition. Such a requirement would make a mockery of the rules of civil procedure and possibly violate due process of law. Therefore, I concur with the reversal of the decision of the Court of Appeals and the remand to the Workers' Compensation Appeal Board.

Finally, while the one-year-back rule and the two-year-back rule bear some similarities, they are not identical. I would not decide issues related to the one-year-back rule in the instant case. Thus, I would disagree with the overruling of *Kleinschrodt, supra.*

WILLIAMS, C.J., and CAVANAGH, J., concurred with BOYLE, J.

LEVIN, J. (*separate opinion*). I adhere to the view expressed in *Kleinschrodt v General Motors Corp,* 402 Mich 381; 263 NW2d 246 (1978), where this Court held that a workers' compensation "back" rule is a defense that can be waived by nonassertion and is not jurisdictional.

While subject matter jurisdiction cannot be waived, there is no suggestion that the Workers' Compensation Appeal Board is without subject matter jurisdiction to hear the claims asserted by plaintiff Harry Howard. Certain constitutional claims cannot be waived even by a plea of guilty.[1] Those narrow exceptions apart,[2] the concept of waiver as a result of nonassertion of right permeates the jurisprudence and is not limited to the defense of the statute of limitations.

In *Kleinschrodt, supra,* p 384, the Court spoke of the back rule as "akin to the statute of limitations." The back rule is also "akin" to the right in a civil case to trial by jury and to the right of appellate review, both of which may be waived by failure timely to assert the right.

A failure timely to plead an affirmative defense, to file a motion to suppress evidence claimed to have been obtained in violation of constitutional rights, to make evidentiary objections, or to object to instructions, and many others are waived by nonassertion.

The rights that can be so waived are as important and positive in their verbal formulation as the back rule. The statutes of limitations generally provide, for example, that "[n]o person may bring or maintain any action"[3] beyond the time limited.

A change in the *Kleinschrodt* rule would be inconsistent with the legislative objective of according greater finality to the decision of the trier of fact in workers' compensation proceedings.[4]

---

[1] See *People v New,* 427 Mich 482; 398 NW2d 358 (1986).

[2] No doubt there are others that do not come readily to mind.

[3] See, e.g., MCL 600.5801; MSA 27A.5801, MCL 600.5803; MSA 27A.5803, MCL 600.5805; MSA 27A.5805, MCL 600.5807; MSA 27A.5807.

[4] See *Civil Service Comm v Dep't of Labor,* 424 Mich 571, 621; 384 NW2d 728 (1986).

We would affirm the Court of Appeals decision upholding the award of workers' compensation benefits to the plaintiff.

ARCHER, J., concurred with LEVIN, J.